NEWSWEEK, INC., Time Incorporated, Magazine Publishers Association, Inc., Council of Public Utility Mailers, Reader's Digest Association, Inc., and United Parcel Service of America, Inc., Petitioners,

v.

UNITED STATES POSTAL SERVICE, Respondent,

Warshawsky & Company, American Business Press, Inc., Dow Jones & Company, Inc., International Labor Press Association, AFL–CIO/CLC, Parcel Shippers Association, Direct Mail/Marketing Association, Inc., March of Dimes, Mail Order Association of America, Associa-

tion of American Publishers, Inc., Recording Industry Assoc. of America, Inc., National Association of Greeting Card Publishers, Magazine Publishers Association, Inc., Classroom Publishers Association, American Lung Association, National Easter Seal Society, St. Jude Children's Research Hospital, American Cancer Society, and National Wildlife Federation, Intervenors.

COUNCIL OF PUBLIC UTILITY MAILERS, Petitioners,

v.

UNITED STATES POSTAL SERVICE, Respondent,

Newsweek, Inc., Dow Jones & Company, Inc., Time Incorporated, Association of American Publishers, Inc., Recording Industry Assoc. of America, Inc., Parcel Shippers Association, Reader's Digest Association, Inc., Mail Order Association of America, United Parcel Service of America, Inc., National Association of Greeting Card Publishers, International Labor Press Association, AFL–CIO/CLC, Direct Mail/Marketing Association, Inc., Warshawsky & Company, Magazine Publishers Association, Inc., Classroom Publishers Association, American Business Press, Inc., American Lung Association, National Easter Seal Society, St. Jude Children's Research Hospital, American Cancer Society, National Wildlife Federation, Intervenors.

Nos. 1567, 1568, 1569 and 1570, Dockets 81–4035, 81–4037, 81–4047 and 81–4075.

United States Court of Appeals, Second Circuit.

Remanded July 25, 1983.

Decided Sept. 9, 1983.

Before MESKILL and KEARSE, Circuit Judges, and COFFRIN,* District Judge.

---

* Honorable Albert W. Coffrin, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

**994**

PER CURIAM:

The action herein was taken to the Supreme Court of the United States by writ of certiorari. A certified copy of the Supreme Court's judgment and a copy of its opinion, *National Association of Greeting Card Publishers v. United States Postal Service,* —— U.S. ——, 103 S.Ct. 2717, 77 L.Ed.2d 195 (1983), has been received and filed affirming the judgment of this Court, *Newsweek, Inc. v. United States Postal Service,* 663 F.2d 1186 (2d Cir.1981), and remanding to this Court for further proceedings consistent with the Supreme Court's opinion.

The petitioners and intervenors in this case sought review of the Opinion and Recommended Decision of the Postal Rate Commission (Feb. 19, 1981) (*First Recommended Decision*) that recommended a schedule of rates and fees for postal services. Prior to certiorari being granted, while this case was *sub judice* in this Court, the Postal Rate Commission issued a second and a third recommended decision. *See* Opinion and Recommended Decision Upon Reconsideration (June 4, 1981); Opinion and Recommended Decision Upon Further Reconsideration (Sept. 17, 1981) (*Third Recommended Decision*). Pursuant to 39 U.S.C. § 3625(d) (1976), the Board of Governors of the United States Postal Service modified the Postal Rate Commission's Third Recommended Decision and implemented the rates as modified. *See* Decision of the Governors of the United States Postal Service on Rates of Postage and Fees for Postal Services (Sept. 29, 1981). In *Time, Inc. v. United States Postal Service,* 710 F.2d 34 (2d Cir.1983), we denied the petition for review of the Board of Governors' modifications. Because the Board of Governors lawfully modified the schedule of rates and fees for postal services contained in the Postal Rate Commission's *Third Recommended Decision* and implemented those rates as modified, there is no longer a controversy concerning the lawfulness of the schedule of rates and fees contained in the *First Recommended Decision* and no further proceedings are required.